BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE (SBN 120002)
E-mail: dmaguire@bwslaw.com
KEIKO J. KOJIMA (SBN 206595)
E-Mail: kkojima@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

Attorneys for Plaintiff
Hartford Life Insurance Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>MARY BANKS, an individual and Trustee of the Cleona Shortridge Revocable Trust; et al.,<br><br>         Defendants. | CASE NO.  08-1279-WQH-LSP<br><br>**WAIVER OF SERVICE OF SUMMONS OF DEFENDANTS MONNYE GROSS, RICHARD WIER, SANDBERG, PHOENIX AND VON GONTARD** |

   Plaintiff herein submits the signed Waiver of Service of Summons of Defendants Monnye Gross (attached as Exhibit "A"), Richard Wier, erroneously sued as Richard Wyer (attached as Exhibit "B"), and Sandberg, Phoenix and Von Gontard (attached as Exhibit "C").

DATED: August 28, 2008           BURKE, WILLIAMS & SORENSEN, LLP
                                 DANIEL W. MAGUIRE


                                 By: */s/ Keiko J. Kojima*
                                    KEIKO J. KOJIMA
                                    Attorneys for Plaintiff
                                    Hartford Life Insurance Company

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4835-4013-6706 v1

CASE NO. CV08-1279-WQH-LSP
WAIVER OF SERVICE OF SUMMONS OF
GROSS, WIER & SANDBERG, ET AL.*

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 28, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

> WAIVER OF SERVICE OF SUMMONS OF DEFENDANTS MONNYE GROSS, RICHARD WIER, SANDBERG, PHOENIX AND VON GONTARD

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Richard Wier<br>9666 Olive Street, Suite 705<br>St. Louis, MO  63132 | Martin L. Daesch<br>One City Centre, 15th Floor<br>St. Louis, MO  63101-1880<br>Attorneys for Sandberg, Phoenix &<br>von Gontard, P.C. |
| Monnye R. Gross<br>8000 Bonhomme, Suite 211<br>Clayton, Missouri  63105 | |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 28, 2008, at Los Angeles, California.

*/s/ Agnes D. Tualla*
Agnes D. Tualla

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4835-4013-6706 v1

CASE NO. CV08-1279-WQH-LSP
WAIVER OF SERVICE OF SUMMONS OF
GROSS, WIER & SANDBERG, ET AL.*

## WAIVER OF SERVICE OF SUMMONS

TO: Keiko J. Kojima
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

Hartford Life Insurance Company v. Mary Banks, et al._____, which is case number CV 08-1279-WQH-LSP

in the United States District Court for the Southern_____ District of

California_____. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (~~or the entity on whose behalf I am acting~~) be served with judicial process in the manner provided by Rule 4.  *MRG 8/18/08*

I (~~or the entity on whose behalf I am acting~~) *MRG 8/18/08* will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (~~or the party on whose behalf I am acting~~) *MRG 8/18/08* if an answer or motion under Rule 12 is not served upon you within 60 days after

July 31, 2008_____, or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

8/18/08
(DATE)

*Mary R Gross* (SIGNATURE)

I ACCEPT SERVICE ON MY BEHALF ONLY AND FOR NO OTHER PERSON OR ENTITY.

Printed/Typed Name: Monnye R. Gross

As Defendant_____ of ~~(CORPORATE DEFENDANT)~~
   (TITLE)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## EXHIBIT A

American LegalNet, Inc.
www.FormsWorkflow.com

# WAIVER OF SERVICE OF SUMMONS

TO: Keiko J. Kojima
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of Hartford Life Insurance Company v. Mary Banks, et al., which is case number CV 08-1279-WQH-LSP in the United States District Court for the Southern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 7, 2008, or within 90 days after that date if the request was sent outside the United States.
(DATE REQUEST WAS SENT)

_____   _____
(DATE)                        (SIGNATURE)

Printed/Typed Name: Richard Wier

As Defendant of _____
   (TITLE)            (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.


EXHIBIT B

American LegalNet, Inc.
www.FormsWorkflow.com

# WAIVER OF SERVICE OF SUMMONS

TO: Keiko J. Kojima
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of Hartford Life Insurance Company v. Mary Banks, et al., which is case number CV 08-1279-WQH-LSP in the United States District Court for the Southern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 31, 2008, or within 90 days after that date if the request was sent outside the United States.
(DATE REQUEST WAS SENT)

8-25-08
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: Martin L. Daesch

As Attorney of Defendant ~~Umar Almajid~~ Sandberg, Phoenix & von Gontard
(TITLE)                  (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



**EXHIBIT C**

LA #4813-3536-7170 v1

American LegalNet, Inc.
www.FormsWorkflow.com