BROWN, WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 173993)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213. 613.0500
Facsimile: 213.613.0550

Attorneys for Defendant
SANDBERG PHOENIX & VON GONTARD,
P.C.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| HARTFORD LIFE INSURANCE COMPANY, | Case No.: 08-1279-WQH-LSP |
|---|---|
| Plaintiff, | *Honorable William Q. Hayes* |
| v. | DEFENDANT SANDBERG PHOENIX & VON GONTARD, P.C.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST DEFENDANT NORTH AMERICAN MERCANTILE, INC. |
| MARY BANKS, an individual and Trustee of the Cleona Shortridge Revocable Trust; et al., | |
| Defendants. | Date: May 26, 2009<br>Time: 11:00 a.m.<br>Court: 4 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

TO THIS HONORABLE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2009 at 11:00 a.m. of the above-entitled court, located at 940 Front Street, San Diego, CA 92101, in the courtroom of the Honorable William Q. Hayes, Defendant Sandberg, Phoenix & von Gontard P.C. ("Sandberg") will and hereby does move for leave to file a crossclaim against

MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST
DEFENDANT NORTH AMERICAN MERCANTILE, INC.

77706.1

BROWN, WHITE & NEWHOUSE
ATTORNEYS

defendant North American Mercantile, Inc. ("NAM") for breach of contract. There will be no oral argument unless scheduled by the Court.

Sandberg brings the Motion on the following basis:

- Sandberg has a crossclaim against NAM which arises out of the same general subject matter as Plaintiff's Complaint.

This Motion is based on the attached Memorandum of Points and Authorities, the files and records of this case, and upon such further argument as the Court may permit at any hearing it schedules.

DATED: April 15, 2009                    BROWN, WHITE & NEWHOUSE LLP


By  s/Kenneth P. White
    _____
            KENNETH P. WHITE
            Attorneys for Defendant
         SANDBERG PHOENIX & VON
            GONTARD, P.C.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

On or about July 16, 2008, Plaintiff filed a complaint in interpleader against defendants Mary Banks, Beryl Rayford, Umar Almajid, North American Mercantile, Inc. ("NAM"), Sandberg, Phoenix & von Gontard, P.C. ("Sandberg"), Monnye Gross, and Richard Wyer. Prior to Plaintiff's complaint in interpleader, on or about July 26, 2004, a Petition was filed by Mary Banks and Beryl Rayford, in St. Louis, Missouri, against NAM ("St. Louis Action"). NAM engaged Sandberg to act as defense counsel in the St. Louis Action. On or about July 10, 2007, the parties to the St. Louis Action, including Mary Banks, Beryl Rayford, Umar Almajid, and NAM, reached settlement of said action. A copy of the executed Settlement and Mutual Release Agreement ("Settlement Agreement") is attached hereto as Exhibit A and incorporated herein. Plaintiff filed this interpleader due to uncertainty surrounding whether the annuities should be distributed to NAM, as the named beneficiary, or according to the terms of the Settlement Agreement reached in the St. Louis Action. To date, NAM has failed to pay Sandberg for the legal services provided to NAM in representing the same for the St. Louis Action and various other legal matters.

## II.

## ANALYSIS

Federal Rule of Civil Procedure 13(g) provides that "a pleading may state a claim as a crossclaim any claim by one party against a coparty, if the claim arises out of the same subject matter or occurrence that is the subject matter of the original action…" While the assertion of a crossclaim is merely optional (*Peterson v. Watt,* 666 F2d 361, 363 (9th Cir. 1982)) it promotes judicial efficiency by avoiding a multiplicity of lawsuits and inconsistent adjudications on related claims (*Donovan v. Robbins,* 588 F.Supp. 1268 (ND IL 1984)). Here, Sandberg has a crossclaim against co-defendant NAM because NAM failed to pay Sandberg for legal services rendered

1

MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST
DEFENDANT NORTH AMERICAN MERCANTILE, INC.

77706.1

in the St. Louis Action. Sandberg's crossclaim arises out of the same general subject matter as the Plaintiff's interpleader complaint because the interpleader complaint relates to who is entitled to the annuity funds and Sandberg's crossclaim relates to legal services rendered to establish NAM's entitlement to the annuity funds. To promote judicial efficiency, Sandberg wishes to assert its claim against NAM in this action at it asks the Court to exercise its discretion to permit Sandberg to file its proposed crossclaim. Sandberg's proposed crossclaim against NAM is attached hereto as Exhibit B.

## III.

## CONCLUSION

For the forgoing reasons Defendant Sandberg respectfully requests this Honorable Court enter an Order granting it leave to file its Crossclaim Against North American Mercantile, Inc. for Breach of Contract.

DATED: April 15, 2009          BROWN, WHITE & NEWHOUSE LLP


                               By  s/Kenneth P. White
                                   KENNETH P. WHITE
                                   Attorneys for Defendant
                                   SANDBERG PHOENIX & VON
                                   GONTARD, P.C.

MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST
DEFENDANT NORTH AMERICAN MERCANTILE, INC.

77706.1

# EXHIBIT A

77706.1

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is made and entered into this 16ᵗʰ day of July, 2007, by and among Mary Banks as Trustee of the Cleona Shortridge Revocable Trust ("Banks") and Beryl Rayford ("Rayford"), sometimes hereinafter collectively referred to as ("Plaintiffs"); and Umar Almajid ("Almajid") and North American Mercantile, Inc. ("NAM") sometimes hereinafter collectively referred to as ("Defendants"); Banks, Rayford, Almajid and NAM are sometimes collectively referred to herein as the ("Parties").

WHEREAS, the Plaintiffs and Defendants are parties to a lawsuit pending in the Circuit Court of St. Louis County, State of Missouri – Probate Division styled *Mary Banks, et al. v. North American Mercantile, Inc., et al.*, Case No. 04PS-PR00754, (hereinafter referred to as the "Lawsuit"), wherein Plaintiffs have asserted claims against the Defendants for fraud, breach of fiduciary duty, unjust enrichment and an accounting; likewise, the Defendants have filed counterclaims against Banks for power of attorneys fees and reimbursement of funeral expenses of Cleona Shortridge; and

WHEREAS, Defendants have denied, and continue to deny, the various claims made against them and have raised a variety of defenses to those claims; and

WHEREAS, Banks has denied, and continues to deny, the various counterclaims made against her; and

WHEREAS, this case was set for 2-day trial beginning on June 25, 2007, at 10:00 a.m. in Division 4 of the St. Louis County Circuit Court; and

WHEREAS, at 10:00 a.m. on the morning of June 25, 2007, this case was called for trial and all Parties appeared, together with their respective counsel, and announced to the court that settlement remained a possibility and that the Parties would like additional time to discuss the

feasibility of entering into a settlement agreement prior to the opening of trial proceedings; and

WHEREAS, In the afternoon of June 25, 2007, it appeared that the Parties had come to an impasse in settlement negotiations. The court granted the Parties additional time to achieve settlement. At approximately 3:30 p.m., the Parties believed that they had reached a settlement, reducing the understanding to writing, and the Parties further wished to place the terms of the settlement "on the record." However, counsel for Plaintiffs notified defense counsel that there was not an agreement on all terms. Defense counsel announced that the Defendants would be filing their motion to enforce settlement which the court agreed to call up for hearing at 10:00 a.m. the next day, June 26, 2007; and

WHEREAS, at 10:15 a.m. on the morning of June 26, 2007, the Defendants' motion was called for hearing; the Parties appeared together with their respective counsel. After hearing evidence adduced from all counsel and Rayford, the court granted the Parties additional time to negotiate a settlement that could be agreed upon by all Parties. The judge took the Motion to Enforce Settlement under advisement. The Parties and their respective counsel continued to finalize the terms of the Settlement Agreement, and at approximately 3:00 p.m. announced to the court that they had reached a final compromise for settlement; and

WHEREAS, the judge again took the bench and the terms and conditions of the Agreement were recited into the record by both counsel for Plaintiff and defendant. All Parties were sworn in by the court and their formal consent to the agreement was placed upon the record. After questioning conducted by counsel for both Plaintiff and defendant and the court, the judge found that the Parties had reached an agreement, and instructed the attorneys to reduce the terms of the agreement to writing at their earliest convenience. The record was then closed; and

WHEREAS, Banks, Rayford, Almajid, and NAM recognized the uncertainty of litigation and the substantial cost of continuing the legal proceedings between them; and therefore, desire to fully and finally settle all disputes and matters in controversy between them without the necessity of further litigation;

NOW, THEREFORE, it is hereby AGREED in consideration of the foregoing and mutual promises, covenants, and agreements hereinafter contained, the receipt and sufficiency of which are hereby acknowledged, as follows:

## THE ESTATE

1. The Parties do hereby stipulate, agree, and consent to divide all assets which now comprise the *Estate of Cleona Shortridge*, together with the assets of the Cleona Shortridge Revocable Trust, which such assets consist of the following:

| | |
|---|---|
| (i) Trust Checking Account No. 152301594890 at US Bank | $47,754.14 |
| (ii) Fortis Annuity Contract No. 360548733 (IRA) | $33,802.41 |
| (iii) Fortis Annuity Contract No. 366004419 (Annuity) | $36,030.09 |
| (iv) 1999 Mercedes-Benz Model C230 VIN WDBHA24G1XA790768 | $11,237.00 |
| TOTAL ASSETS: | $128,823.64 |

## SETTLEMENT PAYMENTS

2. In complete settlement of claims made by Banks and Rayford against Defendants and counterclaims made by Almajid and NAM against Plaintiffs in the lawsuit, all parties do hereby AGREE to disbursement of the assets of Cleona Shortridge as follows, these payments are subject to payment of costs as is set forth in paragraph 4 below:

a) Fortis Annuity Contract No. 360548733 shall devise to North American Mercantile, Inc. as the named beneficiary under said contract with full ownership of the contract to be changed to North American Mercantile, Inc.;

b) Fortis Annuity Contract No. 366004419 shall be liquidated and Fortis/Hartford shall pay proceeds as follows:

(i) $25,000.00 to Sandberg, Phoenix & von Gontard P.C., One City Centre, 15th Floor, St. Louis, MO 63101;

(ii) $4,930.59 to North American Mercantile, Inc. c/o Sandberg, Phoenix & von Gontard P.C., One City Centre, 15th Floor, St. Louis, MO 63101; subject to $500.00 retention holdback as set forth in paragraph 4 which would make the final distribution from this account to NAM $4,430.59; and

(iii) $4,746.50 to Beryl Rayford, c/o Monnye Gross, 8000 Bonhomme, Suite 211, Clayton, MO 63105 ; subject to $500.00 retention holdback as set forth in paragraph 4 which would make the final distribution from this account to NAM $4,246.50; and

(iv) $1,353.00 to Mary Banks as and for partial payment of her Trustee fees c/o Monnye Gross, 8000 Bonhomme, Suite 211, Clayton, MO 63105.

(v) $1,000.00 to Mary Banks, Trustee to be retained in the trust checking account as set forth in paragraph 4, below.

c) Trustee, Mary Banks, shall pay to the Parties from the afore-said trust checking account the following amounts:

(i) $5,853.00 to Mary Banks as and for Trustee's fees; and

(ii) $41,901.14 to Beryl Rayford.

d) Title and ownership of the 1999 Mercedes C230 shall be transferred to Almajid. All parties recognize that the transfer of said vehicle may require an Order from this Court and all parties further do hereby stipulate and AGREE that upon demand, each party will execute any documents as are necessary or required by this Court, the California Department of Motor Vehicles or any other branch of the California State Government, including but not limited to the Probate Court of the City or County of San Diego, State of California. Banks and Rayford hereby relinquish any claims or rights, known or unknown, or inferred in and to the said vehicle.

## COURT COSTS

3. The Parties recognize that all payments as set forth above are subject to outstanding court costs and other costs incurred by the Parties' attorneys for depositions, copying charges, and other miscellaneous costs. The Parties do hereby acknowledge, AGREE, and consent that disbursement of these costs shall be made from assets of the Shortridge Trust and Estate prior to any disbursements to the Parties as are set forth above.

## RETENTION

4. Furthermore, the Parties do also AGREE that Banks shall retain the sum of $1,000.00 in the Trust's non-interest bearing checking account for preparation of final Federal and State

Fiduciary Tax Returns for the Trust. Any balance remaining in said Trust checking account after all taxes and/or tax preparation fees are paid, if any, shall be divided equally between Rayford and Almajid.

## INDEMNIFICATION OF MARY BANKS

5. Rayford, Almajid, and NAM do hereby AGREE and consent to indemnify and hold Banks harmless from any and all tax liabilities, interest, penalties, damages, costs, and attorney's fees, or any combination thereof, that may be attributable to Banks as Trustee of the Cleona Shortridge Revocable Trust, including without limitation, any and all taxes on the assets which are the subject of this Agreement. If any Party shall fail to pay his/her or its pro-rata payment to the Trustee or to cooperate with the Trustee in connection with any tax liabilities asserted by any state or federal authorities, then such party shall pay for all costs, expenses, and attorney's fees incurred by Banks in enforcement of this provision.

## PAYMENT OF TAXES

6. Rayford and Almajid do further AGREE to pay any and all taxes, interest, or penalties, or any combination thereof, arising from or assessed by virtue of the afore-said assets, or any assets attributable to the Cleona Shortridge Revocable Trust as follows:

(i) Rayford's pro-rata share   38.46%
(ii) Almajid's pro-rata share   61.54%

## PAYMENT OF SURPLUS

7. Any proceeds, if any, remaining after all payments set forth herein have been paid shall be divided equally between Rayford and Almajid.

## PLAINTIFFS' RELEASE OF ALMAJID AND NAM

8. Plaintiffs, for themselves and for all persons or entities who may claim by or through them, specifically including, but not limited to their heirs, assigns, representatives, successors

and attorneys, hereby RELEASE and forever discharge Almajid and NAM, their successors, assigns, agents, employees, members, shareholders, officers, directors, managers, servants, attorneys and representatives, jointly and severally, from and against any and all civil and/or administrative actions, claims, demands, rights, proceedings, causes of action, expenses, or remedies of any nature and description whatsoever, whether state or federal, or common law, legal, equitable, or regulatory in nature, known, or unknown, foreseen or unforeseen, pending or not pending, suspected or unsuspected, disclosed or undisclosed, absolute or contingent, whether or not asserted in this Lawsuit that Plaintiffs and all persons or entities who may claim by or through Plaintiffs, specifically, including but not limited to, their heirs, assigns, representatives, successors and attorneys may now have or ever had, or can, shall, or may at any time in the future have, or is or ever was capable of asserting, against Almajid and NAM, which by reason of any event occurring at any time since the beginning of the world to the date of this Agreement relate in any way to the allegations made by Plaintiffs in the Lawsuit, and all such claims which were or which could have been asserted in the Lawsuit.

## DEFENDANTS' RELEASE OF BANKS AND RAYFORD

9. Defendants, for themselves and for all persons or entities who may claim by or through them, specifically including, but not limited to their heirs, assigns, representatives, successors and attorneys, hereby RELEASE and forever discharge Banks and Rayford, their successors, assigns, agents, servants, attorneys and representatives, jointly and severally, from and against any and all civil and/or administrative actions, claims, demands, rights, proceedings, causes of action, expenses, or remedies of any nature and description whatsoever, whether state or federal, or common law, legal, equitable, or regulatory in nature, known, or unknown, foreseen or unforeseen, pending or not pending, suspected or unsuspected, disclosed or undisclosed, absolute

EXHIBIT 4
177

9

or contingent, whether or not asserted in this Lawsuit that Defendants and all persons or entities who may claim by or through Defendants, specifically, including but not limited to, their heirs, assigns, representatives, successors and attorneys may now have or ever had, or can, shall, or may at any time in the future have, or is or ever was capable of asserting, against Banks and Rayford, which by reason of any event occurring at any time since the beginning of the world to the date of this Agreement relate in any way to the allegations made by Defendants in the Lawsuit, and all such claims which were or which could have been asserted in the Lawsuit.

## DISMISSAL BY PLAINTIFFS

10. Within five (5) days of receipt of the disbursements as are set forth in paragraph 2 above, Plaintiffs shall file with the Court a Dismissal with Prejudice of their claims against Almajid and NAM in the Lawsuit.

## DISMISSAL BY DEFENDANTS

11. Within five (5) days of receipt of the disbursements as are set forth in paragraph 2 above, Defendants shall file with the Court a Dismissal with Prejudice of their counterclaims against Banks and Rayford in the Lawsuit.

## MULTIPLE ORIGINALS

12. This Agreement may be executed in one or more identical counterparts, and execution and delivery of said executed counterparts by each Party shall have the same force and effect as if all Parties had signed the same counterpart.

## AUTHORITY OF SIGNATORIES TO THIS AGREEMENT

13. Each Party hereto expressly represents and warrants that the person executing this Agreement is fully and duly authorized to bind that Party to all the terms hereof, that it has taken all necessary steps to authorize this Agreement, and the obligations evidenced by same, and that

10

he/she/it is the sole owner of the claims being released herein.

## BINDING AGREEMENT

14. This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights, and benefits hereof shall be binding upon, and shall inure to the benefit of the undersigned parties and their respective officers, agents, servants, attorneys, employees, directors, representatives, shareholders, executors, administrators, heirs, successors and assigns.

## ENTIRE AGREEMENT

15. This Agreement and the Dismissals herein provided for constitute and express the entire understanding, agreement and undertaking of the Parties with respect to the subject matter hereof, and supersedes all prior agreements, if any, written or oral. There is no understanding, agreement, undertaking, representation, or warranty, expressed or implied, which in any way limits, extends, defines or relates to the subject matter of this Agreement, that is not incorporated herein. The Parties hereto AGREE that this Agreement shall not be amended or modified unless done so in writing and signed by the Party against whom the enforcement is sought.

## NON-ADMISSION OF LIABILITY

16. It is understood and AGREED by the Parties that this Agreement is a compromise of disputed claims, and neither this Agreement, nor any of its provisions constitutes or shall be construed as an admission o any liability by any of the Parties, and to the contrary, that all Parties specifically deny any wrongdoing under any federal, state, or local statute, public policy, tort law, contract law, or common law.

## GOVERNING LAW

17. Except as otherwise expressly provided herein, the terms of this Agreement shall in all respects be interpreted and construed in accordance with the substantive laws of the State of

//

Missouri, without regard to its choice of law rules. These Parties AGREE that in the event any Party breaches any term of this Agreement, the non-breaching Party(ies) shall have the right to seek from the breaching Party all available remedies and damages, including but not limited to, full restitution of all amounts paid or to be paid pursuant to this Agreement.

## JOINT EFFORT

18. The parties acknowledge that the drafting of this Agreement was a joint effort between them, with the assistance and counsel of their respective attorneys, and that as a result, this Agreement shall be construed as a whole, according to its fair meaning, and not in favor of or against any Party.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, all with the approval of their respective counsel, on or near the date provided next to the signature of each Party.

## THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

**SO AGREED:**

**Plaintiffs:**

_Mary Banks_
Mary Banks, Successor Trustee of the
Cleona Shortridge Revocable Trust

State of Missouri    )
                     ) SS
County of St. Louis  )

On this 17th day of JULY _____, 2007, before me personally appeared
Mary Banks, Successor Trustee of the Cleona Shortridge Revocable Trust, to me known to be
the person who executed the within Settlement and Mutual Release Agreement on behalf of said
Trust and who acknowledged to me that she executed the same for the purposes therein stated.

_Monnye R. Gross_
Notary Public

My commission expires:

MONNYE R. GROSS
Notary Public - State of Missouri
My Commission Expires April 23, 2011
St. Louis County
Commission #07543921

_____
Beryl Rayford

State of California )
                    ) SS
County of San Diego )

On this _10th_ day of ~~July~~ _____, 2007, before me personally appeared *Shirley Atencio, Notary Public* Beryl Rayford to me known to be the person who executed the within Settlement and Release Agreement and who acknowledged to me that she executed the same for the purposes therein stated.


Notary Public

My commission expired:

SHIRLEY ATENCIO
Commission # 1632901
Notary Public - California
San Diego County
My Comm. Expires Dec 31, 2009

**Defendants:**

North American Mercantile, Inc.

By: _____
Umar Almajid, Its President

State of California    )
                                       ) SS
County of San Diego  )

On this _11th_ day of __JULY_____, 2007, before me personally appeared Umar Almajid to me known to be the person who executed the within Settlement and Release Agreement and who acknowledged to me that he executed the same for the purposes therein stated.

_____
Notary Public

My commission expired: SEPT 2, 2008

OFFICIAL SEAL
MICHAEL KHOURY
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1610887
SAN DIEGO COUNTY
MY COMM. EXP. SEPT. 2, 2008

_____
Umar Almajid

State of California    )
                                       ) SS
County of San Diego  )

On this _11th_ day of __JULY_____, 2007, before me personally appeared Umar Almajid to me known to be the President of North American Mercantile Inc., who executed the within Settlement and Release Agreement on behalf of said corporation and who acknowledged to me that he executed the same for the purposes therein stated.

_____
Notary Public

My commission expired:

_____

Monnye R. Gross, #34312
8000 Bonhomme, Suite 211
Clayton, MO 63105
*Attorney for Plaintiffs*




_____

Richard A. Wier, #26470
9666 Olive Street Road, Suite 745
St. Louis, MO 63132
*Attorney for Plaintiffs*




SANDBERG, PHOENIX & von GONTARD, P.C.

By: _____

Martin L. Daesch #40494
One City Centre, 15th Floor
St. Louis, MO 63101-1880
*Attorneys for Defendants*
*North American Mercantile, Inc. and*
*Umar Almajid*

BROWN, WHITE & NEWHOUSE LLP
Kenneth P. White
kwhite@brownwhitelaw.com
333 S. Hope Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 613-9446
Facsimile: (866) 693-6479

Attorneys for Defendant and Crossplaintiff
SANDBERG PHOENIX & VON GONTARD, P.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY, | CASE NO. 08-1279-WQH-LSP |
| Plaintiff, | **CROSSCLAIM FOR BREACH OF CONTRACT** |
| v. | |
| MARY BANKS, an individual and Trustee of the Cleona Shortridge Revocable Trust; et al., | |
| Defendants. | |
| SANDBERG, PHOENIX & VON GONTARD, P.C., | |
| Cross-plaintiff, | |
| v. | |
| NORTH AMERICAN MERCANTILE, INC., | |
| Cross-defendant. | |

77706.1

Cross-Plaintiff Sandberg, Phoenix & von Gontard, P.C., a Missouri professional corporation, by and through its undersigned attorneys, Brown, White & Newhouse LLP, and for its Crossclaim for Breach of Contract against Cross-defendant, North American Mercantile, Inc. states as follows:

## COUNT I – BREACH OF CONTRACT

1.     Sandberg, Phoenix & von Gontard, P.C. ("Sandberg") is a Missouri professional corporation in the business of providing legal services.

2.     North American Mercantile, Inc. ("NAM") is a corporation organized and existing under the laws of the State of Nevada.

3.     This Court has subject matter jurisdiction over this Crossclaim pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335.

4.     On or about July 26, 2004, a Petition was filed by Mary Banks and Beryl Rayford, in St. Louis, Missouri, against North American Mercantile, Inc. ("St. Louis Action").

5.     On or about April 15, 2005, Sandberg and NAM entered into an agreement whereby Sandberg agreed to provide legal representation to NAM for defense of the St. Louis Action and various other legal matters, and NAM agreed to pay Sandberg for said legal representation.

6.     NAM has a remaining balance due to Sandberg in the amount of $56,236.70 for costs and legal services provided to NAM in the St. Louis Action ("Remaining Balance").

7.     As of April 10, 2009, the remaining balance is past due.

8.     To date, NAM has failed to remit payment for legal services and costs provided by Sandberg in connection with the St. Louis Action.

77706.1

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
ATTORNEYS

9.     NAM has breached its contract which it made with Sandberg by failing to pay for legal services and costs provided by Sandberg in connection with the St. Louis Action.

10.    NAM is indebted to Sandberg for the Remaining Balance now due and owing in the total amount of $56,236.70.

11.    Sandberg has complied with all conditions precedent under the contract, and is not now and never has been in breach of the contract.

12.    The satisfaction of NAM's debt should first be satisfied from any interpleaded funds that NAM is entitled to.

WHEREFORE, Sandberg, Phoenix & von Gontard prays for judgment against cross-defendant North American Mercantile, Inc. in the amount of $56,236.70, together with interest thereon; for its reasonable attorney's fees; costs of this action; that the satisfaction of said judgment first be satisfied from any interpleaded funds cross-defendant North American Mercantile, Inc. is entitled to; and such other relief as this Court deems just and proper.

DATED:  April 15, 2009          BROWN, WHITE & NEWHOUSE LLP


By   s/Kenneth P. White
               KENNETH P. WHITE
               Attorneys for Defendant
           SANDBERG PHOENIX & VON
              GONTARD, P.C.

19

MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST
DEFENDANT NORTH AMERICAN MERCANTILE, INC.

77706.1

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
ATTORNEYS

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 333 South Hope Street, 40th Floor, Los Angeles, California 90071.

On April 15, 2009, I served the following document(s) described as: **DEFENDANT SANDBERG PHOENIX & VON GONTARD, P.C.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST DEFENDANT NORTH AMERICAN MERCANTILE, INC.** in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Mary Banks<br>1115 N. McKnight Road<br>University City, MO 61321 | Martin L. Daesch<br>One City Centre, 15th Floor<br>St. Louis, MO 63101-1880 |
| Mr. Umar Almajid and<br>North American Mercantile, Inc.<br>3910 Quince Street<br>San Diego, CA 92105 | Keiko J. Kojima<br>BURKE WILLIAMS & SORENSEN LLP<br>444 South Flower Street, Suite 2400<br>Los Angeles, CA 90071-2953 |
| Mr. Beryl Rayford<br>P.O. Box 40316<br>San Diego, CA 92164 | |

☑ **BY MAIL:** I deposited such envelope in the mail at 333 South Hope Street, 40th Floor, Los Angeles, California 90071. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** On the above-mentioned date, from Los Angeles, California, I caused each such document to be transmitted electronically to the party(ies) at the e-mail address(es) indicated below. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

☑ **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 15, 2009, at Los Angeles, California.

Letty Perez

77706.1