# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY,<br><br>                            Plaintiff,<br>    vs.<br>MARY BANKS, an individual and Trustee for the Cleona Shortridge Revocable Trust; et al.,<br><br>                            Defendants. | CASE NO. 08cv1279 WQH (LSP)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are: (1) the Motion to Strike Answer of Umar Abd Almajid and North American Mercantile, Inc. (Doc. # 42) filed by Sandberg, Phoenix and Von Gontard, P.C.; (2) the Motion for Leave to file Crossclaim against Defendant North American Mercantile, Inc. (Doc. # 44) filed by Sandberg, Phoenix and Von Gontard, P.C.; (3) the Motion for Leave to File an Amended Answer and Cross-Complaint (Doc. # 46) filed by Umar Abd Almajid; and (4) the Motion to Drop Interpleader Defendant Umar Abd Almajid (Doc. # 43) filed by Sandberg, Phoenix and Von Gontard, P.C.

## **Background**

On July 16, 2008, Plaintiff Hartford Life Insurance Company ("Hartford") initiated this action by filing the Complaint in Interpleader ("Complaint") (Doc. # 1). The action arises out of a dispute with respect to annuities issued to Clenoa Bailey Shortridge ("Shortridge"). The Complaint alleges that on August 10, 2000, Defendants Umar Almajid ("Almajid") and Beryl

Rayford ("Rayford") were designated as beneficiaries on the annuities. The Complaint alleges that on June 11, 2002, Shortridge changed the beneficiary on the annuities to Defendant North American Mercantile, Inc. ("NAM").

The Complaint alleges that on July 26, 2004, a petition was filed in the Circuit Court of the City of St. Louis, State of Missouri ("Petition"), which alleged that a dispute arose between several parties, including Almajid, Rayford and NAM, regarding the ownership of and/or entitlement to various trust assets, including the annuities. The Complaint alleges that Almajid and NAM were represented in connection with the issues raised by the Petition by the law firm Sandberg, Phoenix and Von Gontard ("Sandberg").

The Complaint alleges that a settlement regarding the ownership of the annuities was memorialized in a writing dated July 10, 2007. The Complaint alleges that counsel for Hartford forwarded forms to confirm the settlement to Sandberg. The Complaint alleges counsel for Hartford never received proper authorization of the settlement because Sandberg never returned signed forms authorizing the settlement. The Complaint alleges that counsel for Hartford requested that Almajid and NAM confirm that Sandberg represented them, and that Almajid and NAM never confirmed that Sandberg represented them. The Complaint alleges that a dispute arose regarding disbursement of the proceeds of the annuities, necessitating an interpleader action by Hartford. The Complaint alleges claims for (1) declaratory relief, and (2) interpleader.

On November 21, 2008, Almajid, proceeding pro se, filed the "Answer-Complaint in Interpleader Counterclaim for Damages" ("Answer and Cross-Claim") (Doc. # 21) on behalf of himself and NAM. The Answer and Cross-Claim alleged cross-claims for (1) civil RICO substance and conspiracy, (2) conspiracy, (3) interference with contractual relationship, (4) fraudulent concealment, and (5) accounting.

On March 25, 2009, this Court issued an order granting the motion to dismiss the cross-claims alleged in the Answer and Cross-Claim (Doc. # 39) filed by Sandberg. The Court concluded that the allegations underlying the cross-claims alleged in the Answer and Cross-Claim were insufficient to state a claim.

## **Analysis**

### I. Motion to Strike Answer

On April 14, 2009, Sandberg filed the Motion to Strike Answer of Almajid and NAM ("Motion to Strike"). Sandberg contends that Almajid is purporting to represent himself and NAM pro se. Sandberg contends that NAM, a corporation, may not appear pro se pursuant to Local Civil Rule 83.3(k) and 28 U.S.C. section 1654. Sandberg requests that the Court strike "all pleadings on behalf of NAM, including Almajid and NAM's Answer." *Mot. to Strike,* p. 2. In the alternative, Sandberg "requests that this Court strike any reference to NAM from the Answer, and order NAM to appear through a licensed attorney." *Id.*

As a corporation, NAM may not appear pro se. *See* 28 U.S.C. § 1654; Local Civ. Rule 83.3(k). Almajid purported to file the Answer and Counterclaim on behalf of himself and NAM. Although Almajid may represent himself pro se, Almajid may not file pleadings on behalf of NAM. In light of the foregoing, the Court strikes the Answer and Cross-Claim (Doc. # 21) as to NAM. If NAM does not obtain legal representation, NAM may be subject to default proceedings.

### II. Motion for Leave to File Cross-Claim Against North American Mercantile, Inc.

On April 15, 2009, Sandberg filed the Motion for Leave to File Cross-Claim against NAM ("Motion to File Cross-Claim"). Sandberg requests leave to file a cross-claim against NAM to recover fees for legal services related to this action. Sandberg contends that the cross-claim arises out of the same general subject matter as the action presently before this Court because the cross-claim seeks to recover legal services related to this action.

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure,

> [a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the action or of a counterclaim. . . . The crossclaim may include a claim that a coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

FED. R. CIV. P. 13(g).

1   No party has filed any opposition to the Motion to File Cross-Claim.  The proposed
2  cross-claim arises out of the same general subject matter as the action before this Court
3  because Sandberg seeks to recover fees related to this action.  The Court grants the Motion for
4  Leave to File Cross-Claim. Sandberg may file the proposed cross-claim attached to the Motion
5  to File Cross-Claim on or before Monday, August 24, 2009.

6   **III.     Motion to for Leave to File Amended Answer and Cross-Complaint**

7   On June 5, 2009, Almajid filed the Motion to Amend Answer and Cross-Claim under
8  Racketeer Influenced and Corrupt Organizations Act ("RICO") ("Motion to Amend").
9  Almajid requests leave to file an amended answer and cross-complaint. Almajid contends that
10 the proposed amended answer and cross-claim "correct[s] Rule 9(b) deficiencies while
11 enabling the court to render an objective determination."  *Mot. to Amend,* p. 5.  Almajid
12 contends that the proposed amended answer and counterclaim "differentiates defendants by
13 pleading allegations separately as opposed to lumping them together;" and "set[s] forth the
14 dates, source and content of communication[s]" that underlie Almajid's cross-claims.  *Id.*
15 Almajid submitted a copy of the proposed amended answer and cross-claim, which contains
16 allegations that are substantially different from the cross-claims in the Answer and
17 Counterclaim.

18   Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely
19 given when justice so requires."  Fed. R. Civ. P. 15(a).  This policy is applied with
20 "extraordinary liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079
21 (9th Cir. 1990).

22   No party has filed any opposition to the Motion to Amend.  In light of the
23 "extraordinary liberality" with which courts grant leave to amend, Plaintiff's pro se status, and
24 the lack of any objection, the Court grants Plaintiff leave to file the proposed amended answer
25 and cross-claim.  *See Morongo Band of Mission Indians,* 893 F. 2d at 1079.  Plaintiff may file
26 the proposed amended answer and cross-claim attached to the Motion to Amend on or before
27 Monday, August 24, 2009.

28

**IV.   Motion to Drop Interpleader Defendant Almajid**

On April 15, 2009, Sandberg filed the Motion to Drop Interpleader Defendant Almajid ("Motion to Drop") pursuant to Rule 21 of the Federal Rules of Civil Procedure. Sandberg contends that Almajid has no interest in the interpleaded funds. Sandberg contends that Almajid's cross-claim alleged in the Answer and Cross-Claim has been dismissed. Sandberg contends that the rights and liabilities of a corporation are distinct from shareholders such that "Almajid's status as a shareholder of NAM does not make him a proper defendant to this interpleader complaint." *Mot. to Drop,* p. 2. Sandberg requests that the Court drop Almajid as an interpleader defendant.

Rule 21 of the Federal Rules of Civil Procedure states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21.

The Complaint alleges that there is a dispute between the parties, including Almajid, regarding ownership and entitlement to the trust assets that are the subject of this action. As alleged in the Complaint, Almajid has an interest in the interpleaded funds through allegations that there is a dispute with respect to Almajid's entitlement to trust assets. Furthermore, the Court has granted Almajid leave to file an amended answer and cross-claim. The Motion to Drop is denied.

**Conclusion**

IT IS HEREBY ORDERED that:

(1) the Motion to Strike Answer of Umar Abd Almajid and North American Mercantile, Inc. (Doc. # 42) filed by Sandberg, Phoenix and Von Gontard, P.C. is **GRANTED.** The Answer and Cross-Claim (Doc. # 21) is stricken as to NAM.

(2) the Motion for Leave to File Crossclaim against Defendant North American Mercantile, Inc. (Doc. # 44) filed by Sandberg, Phoenix and Von Gontard, P.C. is **GRANTED.** Sandberg, Phoenix and Von Gontard, P.C. may file the crossclaim attached to the Motion for Leave to File Crossclaim **on or before Monday, August 24, 2009.**

1     (3) the Motion for Leave to File an Amended Answer and Cross-Complaint (Doc. # 46)
2 filed by Umar Abd Almajid is **GRANTED.** Umar Almajid may file the amended answer and
3 cross-complaint attached to the Motion for Leave to File Amended Answer and Cross-
4 Complaint **on or before Monday, August 24, 2009.**
5     (4) the Motion to Drop Interpleader Defendant Umar Abd Almajid (Doc. # 43) filed by
6 Sandberg, Phoenix and Von Gontard, P.C. is **DENIED.**
7 DATED: July 17, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge