Umar Abd Almajid
Post Office Box 83414
San Diego, CA 92138-3414
E-mail: sahih786@sbcglobal.net
Tel.: 619.280.9469
Fax.: 619.280.0497
In Pro Se, for
Umar Almajid, Defendant and Cross-Plaintiff

FILED

2009 NOV -2 PM 12:

CLERK US DISTRICT CO
SOUTHERN DISTRICT OF CALI

BY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT of CALIFORNIA

| | |
|---|---|
| Hartford Life Insurance Company,<br><br>Plaintiff,<br><br>v<br><br>Mary Banks, et al,<br><br>Defendants.<br>------------------------------------------------------<br>Umar Abd Almajid,<br><br>Cross-Plaintiff,<br><br>v<br><br>Sandberg, Phoenix & von Gontard, P.C. et al<br><br>Cross-Defendants | Case No.: 08 CV 1279 WQH WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**JUDGE: William Q. Hayes**<br>**DATE: November 16, 2009**<br>**TIME: 11:00 am**<br>**CTRM: 4**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# I
## CASE SUMMARY

On July 16, 2008 Plaintiff Hartford Life Insurance Company (Hartford) filed a Complaint In Interpleader. The complaint arises from conflicting claims of ownership and/or entitlement to annuities issued to Cleona B. Shortridge (decedent). The complaint alleges that defendants Umar Almajid (Almajid) and Beryl Rayford (Rayford) were beneficiaries until June 11, 2002, wherein Shortridge changed beneficiary designations to North American Mercantile, Inc. (NAM) Shortridge and Almajid were the incorporators and initial directors of NAM. Shortridge died July 9, 2004.

On July 26, 2004 Defendants Banks and Rayford filed a Petition in St.Louis County Circuit Court through their attorneys Moneye Gross and Richard Weir. The petition consisted of allegations of Fraud, Breach of Fiduciary Duty and Unjust Enrichment against Almajid and NAM. Said contentions were based on information and belief and lacked penalty of perjury signatures.

Almajid retained the law offices of Sandberg, Phoenix & von Gontard (Sandberg) to represent the interest of NAM and Almajid. Sandberg's retainer agreement required the preparation and filing of pertinent pleadings to defend against the St. Louis petition.. During the course of Sandberg employment an answer was filed on behalf of Almajid alleging that Banks and Rayford failed to state instances of fraud with requisite particularity. Sandberg further provided Almajid a draft answer which alleged that none of the relief sought was directed to NAM. A conformed copy of NAM's answer has never been produced, nor has any legally sufficient reason for not lodging NAM's answer been established. Sandberg knew or should have known that allegations of fraud based on information and belief do not satisfy particularity requirements. Sandberg also failed to file a motion to dismiss or a motion for a more definite statement. Sandberg's procedural inadvertence and subsequent failure to disclose and/or correct known misrepresentations evidences willing participation in a scheme to defraud or obtain proceeds by false pretenses.

On August 30, 2007 St. Louis County Circuit Court recognized that certain terms of the purported settlement must be performed prior to entry of the mutual dismissal. Almajid became partially aware of the nature and extent of improprieties surrounding Sandberg's representation of NAM and himself. On February 18, 2008 Almajid informed Hartford that the manner in which Sandberg performed its fiduciary duties resulted in a loss of confidence.

## II
## RECENT PROCEDURAL HISTORY

| | |
|---|---|
| June 5, 2009 | Almajid filed Motion to Amended Answer and Cross-Complaint |
| July 20, 2009 | Motion to Amend Answer and Cross-Complaint, granted |
| Aug. 4, 2009 | Sandberg filed Cross-Complaint against North American Mercantile, Inc. |
| Aug.12, 2009 | Almajid filed and served Amended Answer and Cross-Complaint |
| Sept. 1, 2009 | Sandberg filed Motion to Dismiss Cross-Complaint, pending |
| Sept. 1, 2009 | Almajid filed Motion to Drop Defendant North American Mercantile, Inc. or Substitute ... Almajid, Request for Judicial Notice, pending |
| Sept. 2, 2009 | Sandberg filed Application for Clerk to Enter Default against NAM |
| Sept. 4, 2009 | Default entered against North American Mercantile, Inc. |
| Sept. 26, 2009 | Almajid filed Memorandum of Points & Authorities in Opposition to Motion to Dismiss; Request for Judicial Notice, pending |
| Oct. 2, 2009 | Default Judgment against North American Mercantile, Inc. |
| Oct. 2, 2009 | Almajid filed Request for Entry of Clerk's Default against Rayford & Banks |
| Oct. 8, 2009 | Sandberg filed Joint Motion for Judgment on the Pleadings, pending |
| Oct. 9, 2009 | Sandberg filed Ex-Parte Application to Set Status Conference |
| Oct. 14, 2009 | Notice of Default entered against Banks & Rayford |

### III
### OPENING STATEMENT

" the intent to defraud is imputed to civil RICO defendants, who act
with reckless disregard to the truth or falsity of their representations"
**Eisert** v **Town of Hempstead**, 918 F. Supp. 601, 612 (E.D.N.Y. 1996);
**United States** v **Palumbo Bros.**, 145 F.3d 850, 868 (7th Cir. 1998)

The Sandberg law firm was engaged to affect procedures to prevent losses through Banks and Rayford's frivolous lawsuit. Pursuant Cal. Pen. Code §§ 33,135,153,550(a)(1)(5);Cal. Ins. Code §§ 330,358; Mo. Supreme Court Rules 4-8.4 (a)(c)(d)(f);and 18 U.S.C. §§ 1941,1343 and 1346, Sandberg became a willing participant in a scheme to obtain insurance proceeds by fraud and/or false pretenses. Sandberg's contumacious conduct specifically includes, but is not limited to its failure to: (1)remove encumbrances from Hartford annuity accounts;(2)file an answer on behalf NAM; (3)failure to disclose and/or correct known misrepresentations made to St. Louis County Circuit Court; Hartford; California Superior Court; and U.S. Dist. Court, SDC. **SEE:** Almajid, Memorandum in Support of Motion to Drop North American Mercantile, Inc. (9/2/09)

Sandberg's misconduct is further demonstrated by its August 4, 2009, Cross-Complaint for Breach of Contract against NAM. Said action was initiated with full knowledge that no substantial legal services had been rendered to NAM, nor had any independent evidence implicating NAM been established. Sandberg's, September 2, 2009 Application for Clerk's Entry of Default against NAM and subsequent default Judgment constitutes baseless tactical conduct calculated to obtain insurance proceeds by fraud and/or false pretenses. "Given the lack of merit in appellant's substantive claims, we can not say that the district court abused its discretion in declining to enter a default judgment in favor of appellant." **SEE: Aldabe** v **Aldabe**, 616 F.2d 1089, 1092-1093, (9th Cir. 1980).

"Contumacious conduct by itself may justify a dismissal with prejudice,
regardless of showing of other factors. The presence of intentional or
aggravating conduct may also justify dismissal in an otherwise close case.
A court may dispense with the consideration of lesser sanctions in the face
of a record of contumacious conduct."
**Malone** v **United States Postal Serv.,**
833 F. 2d 128, 131-132 (9th Cir. 1987)

### IV
### ANALYSIS

"A Rule 12(c) motion is premature if made before an answer is filed."
**Carlson** v **Reed**, 249 F. 3d 876, 878 n.1 (9th Cir. 2001)

On September 1, 2009 Sandberg elected to file a Motion to Dismiss the Amended Answer and Cross-Complaint instead of filing an answer. As such the pleadings are not close. Sandberg's Rule 12(c) motion appears procedurally defective, substantively inaccurate and should be decided in favor of the non-moving party.

08CV1279 WQH/WMC
MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO
MOTION FOR JUDGMENT ON THE
PLEADINGS

# V
## DENIAL OF CO-CONSPIRATORS RIGHT TO
## ANNUITIES CONSTITUTES A MATERIAL ISSUE OF FACT

Sandberg's Motion for Judgment on the Pleadings at pg 3 contends that Almajid's Amended Answer and Cross-Complaint admits "each and every allegation …[of the Complaint]. To allege that there is no material issue of fact regarding the validity of the alleged agreements is a gross distortion of facts and evidence. The truth of the matter is the Amended Answer and Cross-Complaint denies that Rayford, Banks or Sandberg has any legitimate right or bona fide interest in the accounts numbered…" at pg 2, lines 12-13. On the other hand, Almajid further asserts that " Hartford … NAM … Almajid were at all relevant times subjected to misconduct involving but not limited to duress, fraud, misrepresentation … at pg 2, lines 18-20. The Complaint In Interpleader, Exhibit 6 at pg 7, ¶30 summarizes the nature of the dispute between Almajid and Sandberg. On September 9, 2008 Sandberg filed Answer at pg 4, ¶30 constitutes an unqualified admission within the meaning of FRE 801 (d)(2)(A). As such Sandberg's admission includes a concession that includes, but is not limited to acknowledging that the St. Louis lawsuit is frivolous and completely without merit. That the underlying lawsuit does not alleged anything against NAM. This admission is further corroborated by the unfiled draft answer prepared and signed by Sandberg. **SEE:** Request for Judicial Notice, Exhibit 2 (9/2/09) As such the St. Louis lawsuit and the purported settlement were used to obtain insurance proceeds by fraud or false pretenses.

> " For purposes of a Rule 12(c) motion, all of the well pleaded allegations in the non-moving party pleading are assumed to be true and contravening assertions in the movant's pleading are taken as false."
> **Pirraglia** v **Noval, Inc.**, 339 F. 3d 1182 (10th Cir. 2003);
> **In re Entropin, Inc., Sec. Litig.**, 487 F. Supp 2d 1141, 1154, 2007 U.S. Dist. LEXIS 35157, Fed. Sec. L. Rep. (CCH) P 94484 (C.D.Cal. 2007)

**Public Policy Under Rule 12(c)**
Federal courts have followed a fairly restrictive standard in ruling on motion for judgment on the pleadings. Hasty or imprudent use of summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of the controversy. **SEE:** **Roemhild** v **Jones**, 239F. 2d 492 (C.A. 8th, 1957); **Carrasco** v **Fiore Enterprises**, 985 F. Supp. 931 (D.C. Ariz. 1997); **Johnson** v **Clovis Unified Sch. Dist.**, 2007 U.S. Dist LEXIS 36153 (E.D. Cal., May 16, 2007)

**Most Favorable Light**
A significant number of federal courts have held, in considering a motion for judgment on the pleadings the trial court is required to view the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party. **SEE:** **Advance Cardio-vascular Sys., Inc.** v **Sci Med life Sys.**, D.C. Cal 1997, 982 F. Supp 1237; **Carmen** v **San Francisco Unified Sch. Dist.**, D.C.Cal. 1997, 982 F. Supp 1396, affirmed C.A. 9th ,2001, 237 F. 3d 1026; **Dabbas** v **Moffitt & Assocs.**, 2008 U.S. Dist. LEXIS 19405(S.D.Cal.Mar.12,2008); **Mat Van,Inc.** v **Sheldon Goal & Co.Auctions,LLC**, 2009 U.S. Dist LEXIS 301 (S.D.Cal.Jan. 5, 2009)

Defendant Sandberg is the co-conspirator positioned to benefit most from the fraudulent scheme. It was Sandberg , who crafted provisions liquidating the annuities. Sandberg attempted to consummate the fraudulent scheme by filing a series of ostensive motions alleging that NAM had received nonexistent legal representation. Sandberg has repeatedly failed to prove beyond doubt that Almajid can prove no set of facts in support of his claim. Sandberg numerous failures to disclose and/or correct known misstatements of fact obstructed justice by concealing from the Courts and Hartford information germane to their functions. The facts clearly demonstrate that Almajid/NAM is the natural and rightful owners of subject annuities. Almajid/NAM are victims, not culprits. Almajid/NAM sustained extensive damages as a result of the herein described scheme to acquire insurance proceeds by fraud and/or false pretenses.

It is axiomatic, as it is for motions under Rule 12(b)(6) and as demonstrated in well established precedent, that for purposes of the court's consideration of the Rule 12(c) motion, all of the well pled factual allegations in the adversary's pleadings are assume true and all contravening assertions in the movant's pleadings are taken as false. **SEE: Honey v Distelrath**, C.A. 9th 1999, 195 F.3d 531, cert den 120 S. Ct. 1557, 529 U.S. 1054, 146 L. Ed. 2d 462; **McGann v Ernst & Young**, C.A. 9th 1996, 102 F. 3d 390, cert den 117 S. Ct. 1460, 520 U.S. 1181, 137 L. Ed 2d 564; **Brando E. v Dept of Ed.**, 621 F. Supp 2d 1013, 1015, 2008 U.S. Dist. LEXIS 15755(D. Haw. 2008); **Austad v U.S.**, C.A. 9th, 1967, 386 F. 2d 147; **Brady v Kuyper**, 2008 U.S. Dist. LEXIS 71143 (E.D.Cal. July 25, 2008); **Smith v National Steel & Ship Building Co.**, C.A. 9th 1997, 125 F.3d 751, cert den 118 S. Ct. 1559, 523 U.S. 1094, 140 L. Ed. 2d 791.

For the foregoing reasons, Cross-Plaintiff Almajid request that the Motion for Judgment on the Pleadings be decided in favor of Almajid, the non-moving party.


Dated: November 2, 2009                           Respectfully Submitted,

                                                  Umar Abd Almajid,
                                                  Defendant and Cross-Plaintiff

**EXHIBIT 1**

FILED

AUG 3 0 2007

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| *MARY BANKS, et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 04PS-PR00754 |
| | ) | |
| *NORTH AMERICAN MERCANTILE, INC. et al.* | ) | Division No. 4 |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court being advised by plaintiffs' and defendants' counsel that a Settlement Agreement has been drafted in such a manner that reflects the agreement of the Parties as was placed on the record on July 26, 2007; the Court being so advised does hereby acknowledge and recognize the Settlement and Mutual Release Agreement as has been presented to the Court and hereby denies all pre-trial motions, including the Motion to Enforce Settlement, as moot.

For further order the Court does hereby recognize that certain of the terms of the Settlement and Mutual Release Agreement must be performed prior to entry of mutual dismissal memorandums; and as such, this case shall be placed on Rule 17 Administrative Docket for review on the 24th day of OCTOBER, 2007, at 9:00 a.m.

IT IS SO ORDERED:

_____8.30.07_____
Date

_____
Honorable Judge Bernhardt C. Drumm

F:\LITIGATION\SHORTRIDGE ORDER 73.DOC

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MARY BANKS, et al.          )
                                )
        Plaintiffs,      )
                                )
v.                           )
                                )   Cause No. 04CC-4474
NORTH AMERICAN MERCANTILE ,    )
INC. et al.              )   Division No. 4
                                )
        Defendants.    )
                                )

## DEFENDANT UMAR ALMAJID'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF MARY BANKS

COMES NOW defendant, Umar Almajid, by and through his undersigned attorneys, Sandberg, Phoenix & von Gontard, P.C., and submit the following interrogatories in accordance with the Missouri Rules of Civil Procedure to be answered fully, in writing, under oath within 30 days.

## DEFINITIONS

1.    "You" and "your" means Mary Banks and all other persons, including attorneys, acting or purporting to act on her behalf.

2.    As used herein, "document" means the originals or any copies thereof, and any nonidentical copies (whether different from the originals because of notes made on or attached thereto or for other reasons) of all correspondence, memoranda, telephone slips, transcripts of testimony, affidavits, notes (whether handwritten or otherwise), lists, reports, tapes, microfilms, information stored in data processing machines or computers (whether reduced to hard copy or not), ledgers, financial statements, or any other written, printed, typed, recorded or graphic

material of any nature whatsoever, regardless of the type or kind of medium upon which the document is maintained.

     3.    As used herein, "communications" means all occasions upon which information was conveyed from one person to another (a) by means of a documents, or (b) verbally, including by means of a telephone or other mechanical means.

     4.    As used herein, "person" shall include, whenever appropriate, not only natural persons but also corporations, banks, partnerships, unincorporated associations, joint ventures or other associations of persons, and also governmental agencies, offices, administrations, boards or other bodies and trusts of any nature.  However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

     6.    "Relate to" or "relating to" or "regarding" means to discuss, constitute, contain, embody, reflect, identify, state, refer to, deal with or is pertinent to.

     7.    "And" and "or" are used in their inclusive sense, as an equivalent to "and/or."

## INTERROGATORIES

1.    Please provide the following general background information:

a.    Plaintiff's present name and address;

b.    Any other name or names by which plaintiff has been known;

c.    State whether plaintiff has ever been convicted or entered a plea of guilty to any misdemeanor or felony and if so, state the offense, when it occurred and the court involved.

16.    Identify what plaintiff did in assisting Cleona Shortridge to make decisions during the time of incapacitation.

ANSWER: same answer as #5; ~~also took care of property~~, but unable to communicate with Cleona by telephone.

17.    Identify and state all facts which support plaintiff's contention in this petition at paragraph 24, "Cleona was discharged from said nursing home after defendant Umar refused to pay said nursing home bills."

ANSWER: Believe was told this by co-Plaintiff Bery Rayford.

18.    Identify and state all misrepresentations that plaintiff contends support her contention in this Petition at paragraph 26 that defendant Umar Almajid made "numerous representations to Cleona Shortridge, to wit, that she would continue to have control of her assets and that her revocable trust would remain in force and in effect as to all beneficiaries."

ANSWER: This plaintiff not witness to misrepresentations, believe co-Plaintiff was witness.

19.    For each misrepresentation identified in answer to Interrogatory Number 18, identify the date when plaintiff contends each misrepresentation was made and the place when made.

ANSWER: Same answer as #18.

20.     With respect to each misrepresentation identified in Interrogatory Number 18, identify any witnesses who were present at the time such misrepresentation was made.

**ANSWER:** Same answer as #18.

21.     Identify and state all representations which support plaintiff's contention in this Petition at paragraph 27, "that said representations by defendant Umar were in fact false."

**ANSWER:** Same answer as #18.

22.     For each representation identified in answer to Interrogatory Number 21, identify the date when plaintiff contends each misrepresentation was made and the place when made.

**ANSWER:** Same answer as #18.

23     With respect to each representation identified in Interrogatory Number 21, identify any witnesses who were present at the time such representation was made.

**ANSWER:** Same answer as #18.

24.     Identify and state all representations which support plaintiff's contention in this Petition at paragraph 28 that "said representations were made by defendant with the intent that Cleona rely on the representations of Defendant Umar."

**ANSWER:** Same answer as #18.

25    For each representation identified in answer to Interrogatory Number 24, identify the date when plaintiff contends each representation was made and the place when made.

**ANSWER:** Same answer as #18.

26.    With respect to each representation identified in Interrogatory Number 24, identify any witnesses who were present at the time such representation was made.

**ANSWER:** Same answer as #18.

27.    Identify and state all facts that support plaintiff's contention in this Petition at paragraph 32 that defendant Umar Almajid "procured said Health Care Springing Power of Attorney, Springing Durable Power of Attorney and Last Will and Testament by fraud with actual intent to defraud Cleona."

**ANSWER:** Same answer as #18.

28.    For each act of fraud identified in answer to Interrogatory Number 27, identify the date when plaintiff contends defendant performed each act of fraud and the place it occurred.

**ANSWER:** Same answer as #18.

29.    With respect to each act of fraud identified in Interrogatory Number 27, identify any witnesses who were present at the time such acts of fraud occurred.

**ANSWER:**    Same answer as #18.

STATE OF MISSOURI          )
                                  ) SS

CONTY OF ST. LOUIS     )

       Mary Banks, of lawful age and first being duly sworn upon her oath, states that her Second Answers to Defendant's Interrogatories are true and correct to the best of her information, knowledge and belief.

 

                              _Mary Banks_

                               Ms. Mary Banks
                               1115 North McKnight Road
                               University City, Missouri 63132

 

      Subscribed and sworn to before me this 26 day of SEPTEMBER, 2006.

                                     _Monnye R Gross_
                                     Notary Public

My Commission Expires:

         MONNYE R. GROSS
      Notary Public - State of Missouri
          County of St. Louis
    My Commission Expires Apr. 23, 2007

Monnye R. Gross, MBE. No. 34312
Atty. for Plaintiffs
8000 Bonhomme, Ste. 211
Clayton, MO 63105
Tel. (314) 726-2100
Fax: (314) 726-2118

Richard A. Wier, #26470
Atty. for Plaintiffs
9666 Olive St. Road, Ste. 745
St. Louis, MO 63132
Tel. (314) 993-5300
Fax: (314) 993-1974

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was hand delivered upon Martin L. Daesch, attorney for Defendants, One City Centre, 15th Floor, St. Louis, MO 63101, this 26 day of _____, 2006.

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MARY BANKS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 04CC-4474 |
| NORTH AMERICAN MERCANTILE , | ) | |
| INC. et al. | ) | Division No. 4 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT UMAR ALMAJID'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF MARY BANKS

COMES NOW defendant, Umar Almajid, by and through his undersigned attorneys, Sandberg, Phoenix & von Gontard, P.C., and submit the following interrogatories in accordance with the Missouri Rules of Civil Procedure to be answered fully, in writing, under oath within 30 days.

## DEFINITIONS

1.     "You" and "your" means Mary Banks and all other persons, including attorneys, acting or purporting to act on her behalf.

2.     As used herein, "document" means the originals or any copies thereof, and any nonidentical copies (whether different from the originals because of notes made on or attached thereto or for other reasons) of all correspondence, memoranda, telephone slips, transcripts of testimony, affidavits, notes (whether handwritten or otherwise), lists, reports, tapes, microfilms, information stored in data processing machines or computers (whether reduced to hard copy or not), ledgers, financial statements, or any other written, printed, typed, recorded or graphic

material of any nature whatsoever, regardless of the type or kind of medium upon which the document is maintained.

3. As used herein, "communications" means all occasions upon which information was conveyed from one person to another (a) by means of a documents, or (b) verbally, including by means of a telephone or other mechanical means.

4. As used herein, "person" shall include, whenever appropriate, not only natural persons but also corporations, banks, partnerships, unincorporated associations, joint ventures or other associations or persons, and also governmental agencies, offices, administrations, boards or other bodies and trusts of any nature. However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

6. "Relate to" or "relating to" or "regarding" means to discuss, constitute, contain, embody, reflect, identify, state, refer to, deal with or is pertinent to.

7. "And" and "or" are used in their inclusive sense, as an equivalent to "and/or."

## INTERROGATORIES

1. Please provide the following general background information:

a. Plaintiff's present name and address;

b. Any other name or names by which plaintiff has been known;

c. State whether plaintiff has ever been convicted or entered a plea of guilty to any misdemeanor or felony and if so, state the offense, when it occurred and the court involved.

16.   Identify what plaintiff did in assisting Cleona Shortridge to make decisions during the time of incapacitation.

ANSWER: same answer as #5; ~~also took care of property~~, but unable to communicate with Cleona by telephone.

17.   Identify and state all facts which support plaintiff's contention in this petition at paragraph 24, "Cleona was discharged from said nursing home after defendant Umar refused to pay said nursing home bills."

ANSWER: Believe was told this by co-Plaintiff Bery Rayford.

18.   Identify and state all misrepresentations that plaintiff contends support her contention in this Petition at paragraph 26 that defendant Umar Almajid made "numerous representations to Cleona Shortridge, to wit, that she would continue to have control of her assets and that her revocable trust would remain in force and in effect as to all beneficiaries."

ANSWER: This plaintiff not witness to misrepresentations, believe co-Plaintiff was witness.

19.   For each misrepresentation identified in answer to Interrogatory Number 18, identify the date when plaintiff contends each misrepresentation was made and the place when made.

ANSWER: Same answer as #18.

20.     With respect to each misrepresentation identified in Interrogatory Number 18, identify any witnesses who were present at the time such misrepresentation was made.

ANSWER: Same answer as #18.

21.     Identify and state all representations which support plaintiff's contention in this Petition at paragraph 27, "that said representations by defendant Umar were in fact false."

ANSWER: Same answer as #18.

22.     For each representation identified in answer to Interrogatory Number 21, identify the date when plaintiff contends each misrepresentation was made and the place when made.

ANSWER: Same answer as #18.

23      With respect to each representation identified in Interrogatory Number 21, identify any witnesses who were present at the time such representation was made.

ANSWER: Same answer as #18.

24.     Identify and state all representations which support plaintiff's contention in this Petition at paragraph 28 that "said representations were made by defendant with the intent that Cleona rely on the representations of Defendant Umar."

ANSWER: Same answer as #18.

25      For each representation identified in answer to Interrogatory Number 24, identify the date when plaintiff contends each representation was made and the place when made.

**ANSWER:** Same answer as #18.

26.     With respect to each representation identified in Interrogatory Number 24, identify any witnesses who were present at the time such representation was made.

**ANSWER:** Same answer as #18.

27.     Identify and state all facts that support plaintiff's contention in this Petition at paragraph 32 that defendant Umar Almajid "procured said Health Care Springing Power of Attorney, Springing Durable Power of Attorney and Last Will and Testament by fraud with actual intent to defraud Cleona."

**ANSWER:** Same answer as #18.

28.     For each act of fraud identified in answer to Interrogatory Number 27, identify the date when plaintiff contends defendant performed each act of fraud and the place it occurred.

**ANSWER:** Same answer as #18.

29.     With respect to each act of fraud identified in Interrogatory Number 27, identify any witnesses who were present at the time such acts of fraud occurred.

**ANSWER:**   Same answer as #18.

STATE OF MISSOURI       )
                         ) SS
CONTY OF ST. LOUIS       )

        Mary Banks, of lawful age and first being duly sworn upon her oath, states that her Second Answers to Defendant's Interrogatories are true and correct to the best of her information, knowledge and belief.

                                  Ms. Mary Banks
                                  1115 North McKnight Road
                                  University City, Missouri 63132

        Subscribed and sworn to before me this 26 day of SEPTEMBER, 2006.

                                  Notary Public

My Commission Expires:

            MONNYE R. GROSS
         Notary Public - State of Missouri
              County of St. Louis
        My Commission Expires Apr. 23, 2007

Monnye R. Gross, MBE. No. 34312
Atty. for Plaintiffs
8000 Bonhomme, Ste. 211
Clayton, MO 63105
Tel. (314) 726-2100
Fax: (314) 726-2118

Richard A. Wier, #26470
Atty. for Plaintiffs
9666 Olive St. Road, Ste. 745
St. Louis, MO 63132
Tel. (314) 993-5300
Fax: (314) 993-1974

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was hand delivered upon Martin L. Daesch, attorney for Defendants, One City Centre, 15th Floor, St. Louis, MO 63101, this 26 day of _____, 2006.

**EXHIBIT 3**

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY <br>          Plaintiff, <br><br>       vs <br><br> MARY BANKS, BERYL RAYFORD; UMAR ALMAJID; <br> NORTH AMERICAN MERCANTILE, INC.; SANDBERG, <br> PHOENIX AND VON GONTARD, P.C. <br>          Defendant(s) | Civil No.    **08cv1279-WQH-WMC** <br> **DEFAULT** |
| UMAR ALMAJID <br>        Cross Claimant <br>     vs <br><br> MARY BANKS; BERYL RAYFORD; SANDBERG, <br> PHOENIX AND VON GONTARD; P.C. <br>        Cross Defendants | |

     It appears from the records in the above entitled action that the Crossclaim filed on 8/12/2009 has been regularly served upon each of the Cross Defendants hereinafter named; and it appears from the records herein that each of the Cross Defendants has failed to plead or otherwise defend in said action as provided by the Federal Rules of Civil Procedure.  Now, therefore, the DEFAULT of each of the following Cross Defendants is hereby entered.

      Mary Banks <br>
      Beryl Rayford

**Entered On:**                             W. SAMUEL HAMRICK, JR., CLERK <br>
10/14/2009

                           By:      _____ <br>
                                      s/M. Cruz <br>
                                   M. Cruz, Deputy

**PROOF OF SERVICE BY MAIL**

    I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not party to the within entitled action. My address is P.O. Box 83414, San Diego, CA 92138-3414 I am readily familiar with this establishment's practice for collection and processing of correspondence for mailing with the United States Postal Service. On November 2, 2009, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

    **DECLARATION IN SUPPORT OF MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

    **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

    In a sealed envelope, postage fully prepaid, addressed as follows:

Keiko J. Kojima

Burke, William & Sorrensen, LLP

444 South Flower Street, Ste. 2400

Los Angeles, CA 90071-2953


Mary Banks

1115 N. McKnight Road

University City, MO 63132


Kenneth P. White

Brown, White & Newhouse, LLP

333 S. Hope Street, 40th Floor

Los Angeles, CA 90071


Beryl Rayford

P.O. Box 4235

San Diego, CA 92164


Dated: November 2, 2009

_____
William Wright