FILED

10 MAY 18 PM 2:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>MARY BANKS; BERYL RAYFORD; UMAR ALMAJID; NORTH AMERICAN MERCANTILE, INC.; SANDBERG, PHOENIX, AND VON GONTARD; MONNEYE GROSS; and RICHARD WIER,<br><br>                                        Defendants. | CASE NO. 08cv1279 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Strike and Motion for Sanctions (Doc. # 97) and the Motion to Liquidate Annuity (Doc. # 100) filed by Defendant Sandberg, Phoenix & Von Gontard.

## BACKGROUND

On July 16, 2008, Plaintiff Hartford Life Insurance Company ("Hartford") initiated this action by filing the Complaint in Interpleader ("Complaint") against Sandberg, Banks, Rayford, Almajid, North American Mercantile ("NAM"), Richard Wier ("Wier"), and Monneye Gross ("Gross"). (Doc. # 1). This case concerns a dispute over the inheritance of annuities owned by Cleona Bailey Shortridge ("Shortridge"). The Complaint alleges that

1    Almajid and Rayford, Shortridge's nephew and niece, were named as the beneficiaries of the

2    annuities in a revocable trust executed on August 4, 1997, with Banks as the successor trustee.

3    Compl. at 5. The Complaint alleges that on June 2, 2002, Shortridge changed the beneficiary

4    of the annuities to NAM. *Id.* at 4.

5        The Complaint alleges that after Shortridge's death, Banks and Rayford filed a Petition

6    in the Circuit Court of the City of St. Louis, Missouri ("Petition") which disputed ownership

7    of the annuities. *Id.* at 5. The Complaint alleges Sandberg, a law firm, represented Almajid

8    and NAM in the state court suit.  *Id.* at 5.  The Complaint alleges a settlement was

9    memorialized in writing on July 10, 2007. *Id.* at 6. The Complaint alleges Hartford sent forms

10   allowing the disbursement of funds pursuant to the settlement to Sandberg for Almajid and

11   NAM to complete. *Id.* at 6. The Complaint alleges the forms were never returned. *Id.* The

12   Complaint alleges that Almajid sent a letter to Hartford stating that there was a dispute

13   between Almajid, NAM, and Sandberg. *Id.* at 7. The Complaint alleges Hartford requested

14   confirmation from Almajid and NAM that Sandberg still represented them, but received no

15   response.  *Id.*  The Complaint alleges that the dispute over disbursement of proceeds

16   necessitated this interpleader action by Hartford.  *Id.*  The Complaint alleges claims for

17   declaratory relief and interpleader. *Id.*

18       On September 30, 2008, Sandberg filed an answer. (Doc. # 8). On November 12, 2008,

19   Wier and Gross were dismissed as interpleader defendants. (Doc. # 19). On November 21,

20   2008, Almajid, proceeding pro se, filed an "Answer-Complaint in Interpleader Counterclaim

21   for Damages" ("Answer and Cross-Claim") on behalf of himself and NAM. (Doc. # 21). The

22   Cross-Claim against Sandberg, Banks, Rayford, Gross, and Wier alleged claims for (1) civil

23   RICO violations, (2) conspiracy, (3) interference with contractual relationship, (4) fraudulent

24   concealment, and (5) accounting. On December 17, 2008, Banks and Rayford's Motion for

25   a 30-day extension of time to file an answer to the Complaint in Interpleader  was granted.

26   (Doc. # 26). However, Banks and Rayford did not file answers before the extended deadline

27   passed.

28       On March 25, 2009, this Court dismissed Almajid's Cross-Claim in its entirety for

1    failure to state a claim. (Doc. # 39). On July 17, 2009, the Court granted Sandberg's Motion

2    for Leave to File Cross-Complaint Against North American Mercantile, Inc. (Doc. # 48). On

3    July 20, 2009, the Court struck the Answer that Almajid filed on behalf of NAM, holding that

4    NAM may not appear pro se because it is a corporation. (Doc. # 48). Also on July 20, 2009,

5    the Court granted Almajid's Motion for Leave to File an Amended Answer and Cross-

6    Complaint. *Id.* On August 3, 2009, Sandberg filed its Cross-Claim which alleged a single

7    claim for breach of contract against NAM. (Doc. # 49). NAM did not file an answer to

8    Sandberg's Cross-Claim. On August 12, 2009, Almajid filed his amended Answer and Cross-

9    Complaint against Sandberg, Banks, Rayford, Gross, and Wier. (Doc. # 52). The Cross-Claim

10   alleges claims for (1) civil RICO violations, (2) conspiracy, (3) interference with contractual

11   relationship, (4) fraudulent concealment and (5) accounting. *Id.* at 23-26.

12         On January 26, 2010, the Court denied Almajid's Motion to Drop Defendant (Doc.

13   # 56), which sought to substitute Almajid for NAM. (Doc. # 86). In the same order, the Court

14   denied Banks, Rayford, and Sandberg's Motion for Judgment on the Pleadings (Doc. # 69),

15   granted Sandberg's Motion to Dismiss Cross-Complaint (Doc. # 54), and denied Sandberg's

16   Ex Parte Motion to Set Status Conference (Doc. # 79). (Doc. # 86). Also on January 26, the

17   Court issued a scheduling order revising the motion cutoff date and pretrial conference date

18   (Doc. # 85), an order directing the Clerk of the Court to add Gross and Wier to the docket as

19   Third-Party Defendants to Almajid's Cross-Complaint and five orders to show cause (Docs.

20   # 80-84). The Court issued Orders to Show Cause to Banks (Doc. # 81), Rayford (Doc. # 80),

21   and NAM (Doc. # 82) requiring them to show cause why they should not be dismissed as to

22   the complaint in interpleader for failure to file an answer. The Court issued two orders to show

23   cause to Almajid, requiring him to show cause why his cross-claim against Gross and Wier

24   should not be dismissed for failure to serve them within the 120 day period allowed pursuant

25   to Federal Rule of Civil Procedure 4(m) and to show cause why his claims against Banks and

26   Rayford should not be dismissed for failure to move for default judgment within the time

27   allowed pursuant to Local Civil Rule 55.1 after obtaining a clerk's default. (Docs. # 83, 84).

28         On February 19, 2010, Rayford filed an answer to the Complaint in Interpleader (Doc.

1  # 88) and a declaration stating she had previously failed to file an answer because she cannot

2  afford counsel and is "not familiar with the Rules of Court" and therefore "was not aware that

3  [she] had to respond to the Complaint . . ." (Doc. # 88-1).

4         On February 22, 2010, Almajid filed three documents in response to the Court's Orders

5  to Show Cause. First, Almajid filed a response on behalf of NAM to the Order to Show Cause

6  why NAM should not be dismissed for failure to file an answer. (Doc. # 89). The document

7  states

8        statutory provisions requiring NAM to retain counsel is unduly prejudicial and
         burdensome given its assets were maliciously frozen as well as being
9        inadequately represented in the St. Louis matter. All concepts of justice and
         fundamental fairness deem an 'interest of justice' exception appropriate. The
10       court is requested to excuse NAM from answering the Complaint in Interpleader
         and order the removal of encumberances from subject annuity accounts. A more
11       costly and protracted alternative is to order Hartford to release $15,000.00 for
         retention of counsel as selected by NAM.
12

*Id.* at 3.
13

14       Second, Almajid filed a response to the Order to Show Cause why the cross-claim

15  against Banks and Rayford should not be dismissed for failure to timely move for default

16  judgment after obtaining clerk's default. (Doc. # 90). The response contends that Almajid did

17  not file for default judgment because the case was not resolved as to all other named

18  defendants, so default judgment would have been improper in the absence of a finding that

19  there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b). *Id.* at 2.

20  Almajid seeks an "order to enlarge time to perfect a default judgment or an order that there is

21  no just reason for delay."

22       Third, Almajid filed a response to the Order to Show Cause why the cross-claim against

23  Gross and Wier should not be dismissed for failure to timely serve them. (Doc. # 91). Almajid

24  seeks leave to serve Gross and Wier outside of the 120-day period allowed pursuant to Federal

25  Rule of Civil Procedure 4(m). *Id.* at 2. Almajid contends Sandberg's motion to dismiss

26  "appear[ed] intended to avoid and delay addressing substantive allegations asserted against all

27  differentiated codefendants. . . . resulting [in] procedural conflict [which] impeded the orderly

28  service of process upon remaining codefendants." *Id.* Almajid contends he would be

prejudiced if Gross and Wier are "allowed to avoid responsibility for their wrongful conduct."

1    *Id.* at 3. Almajid contends Gross and Wier will not be prejudiced by allowing service outside

2    of the 120-day period because "[b]oth have constructive notice of the claims asserted against

3    them." *Id.* Almajid contends "this Court's order adding Monneye Gross and Richard Wier as

4    Third-Party Defendants necessarily requires an enlargement of time to serve the Amended

5    Answer and Cross-Complaint." *Id.*

6          On February 23, 2010, Rayford filed an answer to the Complaint in Interpleader. (Doc.

7    # 93). On February 26, 2010, the Court ordered Rayford to file a proof of service on her

8    answer to the Complaint in Interpleader within ten days. (Doc. # 94). On March 9, 2010,

9    Rayford filed her proof of service. (Doc. # 99).

10         On March 8, 2010, Sandberg filed the Motion to Strike and Motion for Sanctions.

11    (Doc. # 97). On March 17, 2010, Sandberg filed the Motion to Liquidate Annuity. (Doc. #

12    100). On March 29, 2010, Almajid filed an opposition to the Motion to Strike and Motion for

13    Sanctions. (Doc. # 101).

14                                        **ANALYSIS**

15    **I.      Motion to Strike and Motion for Sanctions**

16         In its Motion to Strike and Motion for Sanctions, Sandberg contends that the Court

17    should strike Almajid's response to the Order to Show Cause why NAM should not be

18    dismissed as a party to the Complaint in Interpleader. (Doc. # 97-1 at 2). Sandberg contends

19    that this Court has repeatedly instructed Almajid that he may not make filings on behalf of

20    NAM. *Id.* Sandberg contends that 28 U.S.C. § 1654 and the Local Civil Rules "expressly

21    prohibit a corporation such as NAM from appearing through Almajid" because he is not a

22    licensed attorney. *Id.* Sandberg contends that Almajid's repeated filings on behalf of NAM

23    despite this Court's prior orders justify sanctioning Almajid. *Id.* at 3. Sandberg contends that

24    "there can be no question that Almajid is aware that he may not file anything on behalf of

25    NAM" and that Almajid is acting "in willful or reckless disregard [of] this Court's orders . . . ."

26    *Id.* Sandberg contends that Almajid's filings are "'unreasonably and vexatiously'" multiplying

27    the proceedings before this Court, making sanctions appropriate pursuant to 28 U.S.C. § 1927.

28    *Id.*

1    In his opposition, Almajid contends that Sandberg has shown "predatory tendencies to

2  distort and/or conceal facts." (Doc. # 101 at 1).  Almajid contends that "Sandberg's motion

3  to strike incorrectly alleges that Almajid entered an appearance on behalf of NAM. Almajid's

4  declaration statements did not show cause as to why NAM should not be dismissed." *Id.* at 2.

5  Almajid contends that his interests are "inextricably shared with NAM." *Id.* Almajid contends

6  that his "response and attachments clearly sought to assist the court in rendering an objective

7  determination to rights to contested funds." *Id.* at 3.  Almajid contends that Sandberg had an

8  "improper purpose" in seeking sanctions.  *Id.* Almajid contends that "Sandberg's strategy

9  attempts to wrongly exclude information" relevant to this case. *Id.* Almajid contends that the

10  doctrine of "clean hands" prevents Sandberg from recovering. *Id.* at 4.  Almajid contends that

11  the Court should deny the Motion to Strike and the Motion for Sanctions. *Id.* at 7.  Almajid

12  attaches a declaration which states that "Sandberg's conduct displayed 'reckless disregard' for

13  its duties as officers of the court." (Doc. # 101-1 at 1).  Almajid further states that Sandberg's

14  motions "maliciously seek to deny Almajid the right to protect his interest [and] . . . . seek to

15  penalize Almajid for providing the court with information that Sandberg was legally obligated

16  to disclose, but failed to do so." *Id.* at 2.

17    Pursuant to 28 U.S.C. § 1654, parties in federal court "may plead and conduct their own

18  cases personally or by counsel as, by the rules of such courts, respectively, are permitted to

19  manage and conduct cases therein."  A corporation may not appear *pro se*.  *See Rowland v.*

20  *California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better

21  part of two centuries . . . that a corporation may appear in federal courts only through licensed

22  counsel.").

23    Pursuant to 28 U.S.C. § 1927

24    Any attorney or other person admitted to conduct cases in any court of the
25    United States or any territory thereof who so multiplies the proceedings in any
     case unreasonably and vexatiously may be required by the court to personally
26    satisfy the excess costs, expenses, and attorneys' fees reasonably incurred
     because of such conduct.

27  The Ninth Circuit has held that an individual proceeding *pro se* may be sanctioned pursuant

28  to 28 U.S.C. § 1927.  *See, e.g., Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235-36

1   (9th Cir. 1990) ("Section 1927 sanctions may be imposed upon a pro se plaintiff despite

2   Wages's protestations to the contrary."). District courts have discretion in determining

3   whether a party should be sanctioned. *See Gomez v. Vernon*, 255 F.3d 1118, 1135 (9th Cir.

4   2001).

5       The Court concludes that Almajid's filing in response to the Order to Show Cause

6   issued to NAM raised legal arguments on behalf of NAM, which Almajid—who is not licensed

7   as an attorney—is not permitted to make on NAM's behalf. *See* Doc. # 89. Although Almajid

8   later contended he was only seeking to represent his own interests, the legal arguments raised

9   in his filing pertain only to NAM's interest in the suit and not to Almajid's own interest in the

10  suit. *See id.* This Court has twice warned Almajid that he may not appear on behalf of NAM

11  and has warned NAM that it was required to retain counsel and enter an appearance in order

12  to avoid default judgment. *See* Doc. # 48 at 3, Doc. # 86 at 9). The Court therefore strikes

13  Almajid's Declaration in Response to Order to Show Cause Regarding Dismissal of North

14  American Mercantile. (Doc. # 89).

15      Although Almajid's repeated filings on behalf of NAM are improper, the Court declines

16  to exercise its discretion to sanction Almajid at this stage because he is proceeding *pro se*.

17  However, the Court warns Almajid that future attempts to represent NAM or any additional

18  filings on behalf of NAM may result in sanctions.

19  **II.    Motion to Liquidate Annuity**

20      In its Motion to Liquidate Annuity, Sandberg contends that Hartford has not liquidated

21  one of the two annuities at issue in this proceeding because "the value of Annuity 1 fluctuates

22  on a daily basis and therefore, Hartford cannot deposit the proceeds of Annuity 1 with this

23  court on its own initiative." Doc. # 100-1 at 2 (*citing* Compl. at ¶ 43). Sandberg contends that

24  the Court should order Hartford to liquidate the annuity and deposit the funds in an interest-

25  bearing account. *Id.* Sandberg contends that "[m]aking the funds readily available when the

26  Court orders their disbursement will not prejudice any party." *Id.* Sandberg contends Hartford

27  is not opposed to its motion. *Id.*

28      No party filed an opposition to Sandberg's motion.

1    Sandberg did not offer any grounds to liquidate the annuity at this point in the

2  proceedings or cite to any authority permitting the Court to order Hartford to liquidate the

3  annuity at present.  The other parties with a potential stake in the proceeds of the annuity have

4  not joined Sandberg's motion or otherwise agreed to the liquidation.  Sandberg's Motion to

5  Liquidate the Annuity is denied.

6                              **CONCLUSION**

7    **IT IS HEREBY ORDERED** that

8    (1)    The Motion to Strike and Motion for Sanctions (Doc. # 97) filed by Defendant

9            Sandberg, Phoenix & Von Gontard is **GRANTED IN PART** and **DENIED IN**

10           **PART**.  The Motion to Strike is **GRANTED**.  The Motion for Sanctions is

11           **DENIED**.

12   (2)    The Clerk of the Court shall **STRIKE** the Response to the Order to Show Cause

13           Regarding Dismissal of North American Mercantile, Inc. (Doc. # 89) filed by

14           Umar Almajid.

15   (3)    The Court warns Umar Almajid that he is not permitted make any further filings

16           on behalf of North American Mercantile because he is not a licensed attorney.

17           <u>**Further filings on behalf of North American Mercantile will be stricken**</u>

18           <u>**from the docket and may result in sanctions.**</u>

19   (4)    The Motion to Liquidate Annuity (Doc. # 100) filed by Defendant Sandberg,

20           Phoenix & Von Gontard is **DENIED**.

21

22

23

24  DATED: ___5/18/10___

25                                    WILLIAM Q. HAYES
                                      UNITED STATES DISTRICT JUDGE
26

27

28

- 8 -                                         08CV1279 WQH (WVG)