1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  HARTFORD LIFE INSURANCE                    CASE NO. 08cv1279 WQH (WVG)
    COMPANY,
12                                             **ORDER**
                                Plaintiff,
13          vs.
    MARY BANKS, et al.
14                             Defendants.

15

16  HAYES, Judge:

17          The matter before the Court is the Joint Response to this Court's Order regarding the

18  distribution of the share of the annuity proceeds which the settlement agreement awarded to

19  defaulted Defendant NAM filed by Defendants Mary Banks, Beyrl Rayford, and Sanberg

20  Phoenix & Von Gontard P.C.  (ECF No. 124).

21          On July 16, 2008, Plaintiff Hartford Life Insurance Company ("Hartford") initiated

22  this action by filing the Complaint in Interpleader ("Complaint") against Sandberg, Phoenix

23  & Von Gontard, P.C. ("Sandberg"), Mary Banks ("Banks"), Beryl Rayford ("Rayford"), Umar

24  Almajid ("Almajid"), North American Mercantile ("NAM").[1]  (ECF No. 1).  This case

25  concerns a dispute over the inheritance of annuities owned by Cleona Bailey Shortridge. The

26  Complaint alleges that Almajid and Rayford, Shortridge's nephew and niece, were named as

27  _____

28          [1]  The Complaint also names Richard Wier and Monnye Gross as defendants; however,
    on November 13, 2008, they were dismissed with prejudice.  (ECF No. 20).

the beneficiaries of the annuities in a revocable trust executed on August 4, 1997, with Banks as the successor trustee. *Id*. at 5. The Complaint alleges that on June 2, 2002, Shortridge changed the beneficiary of the annuities to NAM. *Id.* at 4.

The Complaint alleges that after Shortridge's death, Banks and Rayford filed a Petition in the Circuit Court of the city of St. Louis, Missouri ("St. Louis action") which disputed ownership of the annuities. *Id.* at 5. The Complaint alleges Sandberg, a law firm, represented Almajid and NAM in the state court suit. *Id.* at 5. The Complaint alleges a settlement was memorialized in writing on July 10, 2007. *Id.* at 6. The Complaint alleges Hartford sent forms to allow the disbursement of funds pursuant to the settlement to Sandberg for Almajid and NAM to complete. *Id.* at 6. The Complaint alleges the forms were never returned. *Id.* The Complaint alleges that Almajid sent a letter to Hartford stating that there was a dispute between Almajid, NAM, and Sandberg. *Id.* at 7. The Complaint alleges Hartford requested confirmation from Almajid and NAM that Sandberg still represented them, but received no response. *Id.* The Complaint alleges that the dispute over disbursement of proceeds necessitated this interpleader action by Hartford. *Id.* Hartford deposited $36,329.06 with this Court which represented Annuity 2. (ECF No. 4).

On March 18, 2009, this Court issued an Order discharging and dismissing Plaintiff Hartford Life Insurance Company with prejudice from this action and awarding Hartford the sum of $8,500.00 as reasonable attorney's fees and costs. (ECF No. 38).

On August 3, 2009, Sandberg filed a Cross-claim against NAM seeking $56,236.70 for costs and legal services provided to NAM in connection with the Sandberg's representation of NAM in the St. Louis action. (ECF No. 49). On September 2, 2009, Sandberg filed a Request for Entry of Clerk's Default against NAM under Federal Rule of Civil Procedure 55(a) for NAM's failure to respond to the Complaint and the Cross-claim. (ECF No. 55). On September 4, 2009, the Clerk of the Court entered default against NAM on the Cross-claim. (ECF No. 58).

On October 2, 2009, Sandberg filed a Motion for Clerk's Default Judgment against NAM pursuant to Federal Rule of Civil Procedure 55(b)(1) for the amount of $56,236.70.

(ECF No. 64).  Sandberg submitted the Declaration of Martin L. Daesch who stated that "NAM [had] a remaining balance due to Sandberg in the amount of $56,236.70 for costs and legal services provided to NAM in the St. Louis action." *Id.* at 4.  On October 2, 2009, the Clerk of the Court entered default judgment in favor of Sandberg against NAM in the amount of $56,236.70 on the Cross-claim.  (ECF No. 65).

On May 28, 2010, Sandberg moved for summary judgment in its favor on the Complaint. (ECF No.106).  On October 8, 2010, this Court issued an Order granting Sanberg's motion for summary judgment and ordering Hartford to liquidate Annuity 1 and deposit it with the Court.[2] (ECF No. 121 at 5-8, 11).  This Court stated the following:

> Pursuant to the settlement agreement, NAM was to receive the entire proceeds of Annuity 1, which was at that time worth $33,802.41. The proceeds of Annuity 2, which at that time was worth $36,030.09 were to be divided as follows: $25,000.00 to Sandberg, $4,930.59 to NAM, $4,246.50 to Rayford, $1,353.00 to Banks as partial payment of her fee as trustee, and $1,000.00 to Banks to be held in a separate trust checking account 'for preparation of final Federal and State Fiduciary Tax Returns for the Trust.'....
>
> NAM did not enter an appearance in this case and has defaulted. Sandberg contends that it is entitled to the proceeds awarded to defaulted defendant NAM in the settlement agreement to satisfy Sandberg's default judgment against NAM on Sandberg's cross claim. The Court concludes that Sandberg has thus far failed to establish that Sandberg is entitled to NAM's share of the settlement.  Sandberg, Banks, and Rayford may file further briefing as to the proper resolution of this case as to the share of the annuities which the settlement agreement awarded to defaulted defendant NAM.

*Id.* at 7-8 (citations omitted).

In an interpleader action, the court may approve a settlement as proposed if the settlement is reasonable and consistent with the record.  *See U.S. Specialty Ins. Co. v. Estate of Schurrer*, Cause No. 4:09CV353, 2010 WL 2598269 at *2 (E.D. Tex. 2010) ("Having reviewed the record and heard the arguments of counsel, and recognizing the Court's equitable powers in this proceeding, the Court finds that the apportionment requested by the remaining should be made as agreed.").

On October 28, 2010, Defendants Banks, Rayford, and Sandberg filed a Joint Response to this Court's Order. (ECF No. 124).  Banks, Rayford, and Sandberg contend that they "have

---

[2] On October 20, 2010, Hartford complied with this Court's Order and deposited $37,128.72 with the Court which represented the liquidated Annuity 1.  (ECF Nos. 122-23).

1  agreed to the proper resolution of this case with respect to the amount awarded NAM under

2  the settlement agreement ...."  (ECF No. 124 at 2).  The parties have agreed to distribute the

3  funds as follows:  $3,353.00 to Banks which includes $2,353.00 under the settlement

4  agreement and $1,000.00 "for her share of NAM's funds"; $9,475.90 to Rayford which

5  includes $4,246.50 under the settlement agreement and $5,229.40 "for her share of NAM's

6  funds" as well as the balance of any funds not otherwise distributed; and $52,236.70 to

7  Sandberg which includes $25,000.000 under the settlement agreement and $27,236.70 for its

8  "share of NAM's funds."  (ECF No. 124 at 3).  The parties state that they have agreed to this

9  distribution, in part, to satisfy Sandberg's default judgment against NAM on the Cross-claim

10  which was entered by the Clerk of the Court on October 2, 2009 (ECF No. 65).

11       Upon review of the Clerk's Entry of Default Judgment (ECF No. 65) in favor of

12  Sandberg against NAM pursuant to Federal Rule of Civil Procedure 55(b)(1), the Court has

13  concluded that entry of default judgment under Rule 55(b)(1) was not proper.

14       Federal Rule of Civil Procedure 55(b)(1) provides

15       If the plaintiff's claim is for a sum certain or a sum that can be made
         certain by computation, the clerk--on the plaintiff's request, with an
16       affidavit showing the amount due--must enter judgment for that amount
         and costs against a defendant who has been defaulted for not appearing
17       and who is neither a minor nor an incompetent person.

18  Fed. R. Civ. P. 55(b)(1).  However, a sum is not certain "unless no doubt remains as to the

19  amount to which a plaintiff is entitled as a result of the defendant's default."  *Franchise*

20  *Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 929 (9th Cir. 2004);

21  *KPS & Associates, Inc. v. Designs By FMC, Inc*., 318 F.3d 1, 19-20 (1st Cir. 2003); *see*

22  *also Menier v. United States*, 405 F.2d 245, 247 n.2 (5th Cir. 1968).  In *Franchise Holding*

23  *II, LLC*, plaintiff asserted a claim for breach of a loan contract.  *Franchise Holding II, LLC,*

24  375 F.3d at 924.  The Ninth Circuit found that the district court clerk had the authority to

25  enter default judgment for a sum certain on the grounds that plaintiff had provided the loan

26  documents and other necessary documents as well as specific formulas for determining the

27  amount owed on the loan and defendant did not provide "specifics about how [the] figures

28  were wrong or how its own calculation would differ...."  *Id.* at 929.

In this case, Sandberg's Cross-claim of $56,236.70 for costs and legal services was not a sum certain where no doubt remains as to the amount of damages owed as a result of the default. Sandberg did not submit sufficient evidence to support the amount of legal fees and costs request such as time entries, billing records, or records of payments. Accordingly, the entry of default judgment under Rule 55(b)(1) was not proper. The Clerk's Entry of Default Judgment (ECF No. 65) is VACATED.

Federal Rule of Civil Procedure 55(b)(2) provides that "[i]n all other cases [other than those in which the clerk of the court may enter default judgment], the party must apply to the court for a default judgment."[3] Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint… In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing… If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003).

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk's Entry of Default Judgment (ECF No. 65) is VACATED. Sandberg may file a Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) no later than thirty-days from the date of this Order. Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any

//

---

[3] In addition, a default judgment in favor of one party on one claim must comply with Federal Rule of Civil Procedure 54(b) which provides: "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order ... that adjudicates fewer than ... all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

motion.  The Clerk of the Court shall mail a copy of this Order to North American Mercantile, Inc.

DATED:  April 11, 2011

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge